JUDGE HELLERSTEIN

12 CIV 3182

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

JOSEPH FIERRO,

                Plaintiff,

-against-

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF EDUCATION, and NEW
YORK CITY LEADERSHIP ACADEMY,

                Defendants.

COMPLAINT

ECF CASE

12 Civ. ____

JURY TRIAL DEMANDED

RECEIVED APR 23 2012 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff JOSEPH FIERRO, by his attorneys GLASS KRAKOWER LLP, as and for his Complaint against Defendants CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF EDUCATION, and NEW YORK CITY LEADERSHIP ACADEMY, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action seeking monetary and equitable relief based upon Defendants' violations of the First Amendment of the U.S. Constitution pursuant to 42 U.S.C. Section 1983, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* (hereinafter "ADEA"), the Americans with Disabilities Act of 1990 42 U.S.C.A. § 12101 *et seq.* (hereinafter "ADA"), the New York State Human Rights Law, Executive Law § 296 *et seq.* (hereinafter "NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, *et seq.* (hereinafter "NYCHRL"), as a result of certain past actions by Defendants, his failure to be reinstated and/or promoted to his former position of Assistant Principal and/or Principal, and his failure to be selected as an

aspiring principal for the New York City Leadership Academy. Plaintiff does not have issue with his present immediate supervisors and has a good working relationship at this time.

2. Plaintiff seeks economic and compensatory damages and punitive damages to the extent allowable by law, and other appropriate legal and equitable relief pursuant to federal, state, and city law.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 as this matter involves federal questions, including claims under the First Amendment to the United States Constitution, the ADEA, and the ADA.

4. This action's venue properly lies in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391, because Defendants' headquarters is located in New York, New York.

5. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

6. This Court has supplemental jurisdiction over Plaintiff's state and city law claims under 28 U.S.C. § 1367(a).

7. All conditions precedent to jurisdiction under the ADEA and ADA have occurred or been complied with. Plaintiff filed a timely joint charge of discrimination with the New York State Division of Human Rights ("SDHR") and the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a Notice of Right to Sue letter from the EEOC dated January 24, 2012. A copy of the Notice of Right to Sue letter is annexed hereto as Exhibit A.

## PARTIES

8. Plaintiff Joseph Fierro is a man over forty (40) years of age and is presently 45 years old. He suffers from different forms of learning disabilities associated with dyslexia.

9. Plaintiff is a resident of the State of New York, County of Kings, City of New York.

10. At all times relevant herein, Plaintiff was an "employee" of Defendants City of New York and/or New York City Department of Education within the meaning of the ADEA, 29 U.S.C § 630(f).

11. At all times relevant herein, Plaintiff was an "employee" of Defendants City of New York and/or New York City Department of Education within the meaning of the ADA, 42 U.S.C. § 12111(4).

12. At all times relevant herein, Plaintiff was an "employee" of Defendants City of New York and/or New York City Department of Education within the meaning of the NYSHRL § 292(6).

13. At all times relevant herein, Defendants City of New York and/or New York City Department of Education ("NYCDOE") is an "employer" within the meaning of the ADEA, 29 U.S.C § 630(b) and of the ADA, 42 U.S.C. § 12111(5).

14. At all times relevant herein, Defendants City of New York and/or NYCDOE was an "employer" within the meaning of NYSHRL § 292(5).

15. At all times relevant herein, Defendant New York City Leadership Academy is a suable entity within the City of New York subject to the ADEA, ADA, NYSHRL, and NYCHRL, with an office listed in Long Island City, New York.

16. All defendants routinely conduct business within the Southern District of New York.

## STATEMENT OF FACTS

17. Up to and including the present 2011-2012 academic school year, Plaintiff Joseph Fierro had a documented stellar performance record, including numerous exemplary letters of commendation, for his nineteen (19) years of service as a teacher, dean, Special Education Supervisor of six schools, and Assistant Principal within the New York City Department of Education.

18. Plaintiff was appointed as an Assistant Principal at P12X between on or about September 2000 and September 2005 under Principal Ronna Bleadon. P753K is part of Special Education District 75 within the New York City Department of Education.

19. Plaintiff was reassigned from P12X after refusing Principal Bleadon's sexual advances and in retaliation for reporting conspiracy and fraud that he was directed to engage in by his principal against teaching staff.

20. Plaintiff thereafter was reassigned in violation of the NYCDOE's own Chancellor's Regulation C-230 to an Assistant Principal position at P753K, from September 30, 2005 until he was removed from that position in December 2005. He was removed in retaliation for exercising his First Amendment rights in refusing to engage in fraud, misconduct and/or criminal conduct at the direction of the P753K School Principal Ketler

Louissaint. P753K also is part of Special Education District 75 within the New York City Department of Education.

21. During Plaintiff's assignment as an Assistant Principal at P753K in the fall of 2005, he observed numerous incidents of physical and verbal abuse towards students at the school, many of whom were severely emotionally and/or physically disabled. He also received similar reports of abuse from students at the school and from other staff members who trusted him, such as teachers, counselors, school aides, and paraprofessionals in the school, as well as parents.

22. Plaintiff repeatedly reported these acts of child abuse to the School Principal Louissaint, who instructed Plaintiff not to take further action and that he would "take care of it". As far as Plaintiff is aware, no corrective action was ever taken.

23. In addition to reporting these acts of child abuse, Plaintiff raised with Principal Louissaint a number of school safety issues he had observed, including, but not limited to, acts of student-on-student violence at the school and release of underage students from the school.

24. Plaintiff also further exercised his First Amendment rights by refusing to target a new teacher Ms. Schwartz for unwarranted discipline, with whom one of the Assistant Principals, Ms. Pierre, had a personal disagreement.

25. On or about December 14, 2005, in retaliation for Plaintiff's exercise of his First Amendment rights relating to reporting the child abuse, school safety issues, and refusal to blackball a new teacher, Plaintiff was removed from his Assistant Principal position at P753K.

26. As further punishment and retaliation for Plaintiff's exercise of First Amendment rights, Plaintiff was removed from working at P753K and placed in an isolated administrative office within District 75 with no substantive responsibilities, under the close supervision of District 75 Superintendent Susan Erber and Deputy Superintendent Bonnie Brown. After several weeks of this reassignment, Plaintiff was transferred again to a Regional Office of the NYCDOE in Flushing, Queens.

27. On or about December 27, 2005, Plaintiff filed a complaint with the Special Commissioner of Investigation ("SCI") regarding various acts of misconduct he had observed at both P12X and P753K, and even provided tapes of evidence of these various instances of misconduct. The SCI investigators refused to follow up on Plaintiff's allegations and even threatened him with arrest if he did not leave with the tapes and other evidence he provided.

28. On or about January 3, 2006, Plaintiff was told by District Superintendent Susan Erber and Deputy Superintendent Bonnie Brown that he was "damaged goods" and they did not do what to do with him because he had reported corruption about their District to SCI.

29. On January 27, 2006, as retaliatory action for Plaintiff's filing of his SCI complaint, Plaintiff was discontinued as an Assistant Principal within the NYCDOE shortly before he was to receive tenure in that position. He was therefore demoted to the status of a regular tenured teacher and his salary was reduced dramatically as well.

30. After two months of being forced to sit in a reassignment room in the Regional Office doing no substantive work, and under severe stress and anxiety, Plaintiff took a medical leave of absence until the end of the 2005-06 school year. Plaintiff was

6

forced to use sick days for this leave of absence, as well as numerous sick days beforehand due to stress and anxiety he was suffering as a result of Defendants' unwarranted actions and criminal conduct.

31. On or about August 2006, then-principal Robert Guzzio hired Plaintiff as a special education teacher at P.S. 14 in District 8 within the NYCDOE for the 2006-07 academic school year. Plaintiff maintained a strong relationship with Principal Guzzio until Mr. Guzzio's retirement as the school principal of P.S. 14 in 2008, culminating in Principal Guzzio recommending Plaintiff for the New York City Leadership Academy as an aspiring principal for the 2009-10 school year. However, Plaintiff was inexplicably denied acceptance to this program, and has repeatedly been denied acceptance each year he has applied.

32. As a result of his unlawful demotion and discontinuance as an Assistant Principal in 2006 in retaliation for exercising his First Amendment rights and his protected activities, Plaintiff commenced several federal actions against defendants NYCDOE in the Southern and Eastern District of New York in 2007 and 2008, docketed 07-Civ.-11214, 08-Civ.-5329, and 08-CV-1837, in 2007 and 2008. Plaintiff's federal actions against Defendants were eventually consolidated in the United States District Court for the Southern District of New York.

33. In a global Stipulation and Order of Settlement and Discontinuance of May 2010, Plaintiff agreed to withdraw, with prejudice, all the claims asserted against the Defendants in the 2008 actions in consideration for substantial monetary compensation, paid by the City of New York and the NYCDOE, as well as a series of corrections and

adjustments to Plaintiff's Personnel File, including, but not limited to, removal of the letter discontinuing him as an Assistant Principal.

34. Since obtaining this substantial monetary settlement and other corrective action from Defendants in May 2010, Plaintiff nonetheless has continued to face an ongoing pattern of harassment, hostility, discrimination, and retaliation within the NYCDOE (not including his present principal and assistant principal at this time).

35. Approximately the last week of August 2010, one week before the start of the 2010-11 school year, Plaintiff met Mildred Jones, who introduced herself as the new "co-principal" at P.S. 14. After Plaintiff introduced himself, Defendant Jones stated in a threatening manner that she knew who he was, that she had heard he had just finished a "very big case" against the city, and that he would not be able to move on past the case because she would be "dealing" with him soon.

36. True to her words, on the first day of the new school year 2010-11, on or about September 11, 2010, Ms. Jones issued Plaintiff a negative letter to his personnel file for no other reason than as a retaliatory action for his prior case.

37. One week later, on or about September 19, 2010, Jones issued a second negative letter to Plaintiff's personnel file.

38. Plaintiff thereafter reported this unwarranted harassment to the new P.S. 14 School Principal Jason Kovac, who appeared to have stopped Ms. Jones from issuing further retaliatory letters to Plaintiff, but refused to remove the first two negative letters from his personnel file.

8

39. Plaintiff thereafter applied for second time to the New York City Leadership Academy during the 2010-11 school year. He was once again denied acceptance to the program without explanation.

40. On or about August 24, 2011, Plaintiff filed a timely joint Charge of Discrimination with the State Division of Human Rights ("SDHR") and U.S. Equal Employment Opportunity Commission ("EEOC") based on age and disability discrimination, related to Defendants' ongoing harassment of, and discrimination against, Plaintiff.

41. During the current 2011-12 school year, he has applied again for entrance to the Principal's Leadership Academy program for a third time, and has not been accepted to date.

42. Plaintiff has also requested to be reappointed to a position of Assistant Principal. His current school principal supports his application to be an Assistant Principal if the DOE and/or District 75 provides the funding for such a position in his school. His current school principal also supports and recommends his application for the Principal's Leadership Academy, but to date Plaintiff has not been offered any such Assistant Principal position or Leadership Academy placement.

43. Plaintiff received a right to sue letter from the EEOC, dated January 24, 2012, regarding the above-referenced discrimination charge, annexed hereto, and timely commences the instant action.

## FIRST CLAIM FOR RELIEF
## FIRST AMENDMENT RETALIATION IN VIOLATION OF 42 U.S.C. SECTION 1983

44. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

45. Since filing his federal complaints in 2007 and 2008 and thereby exercising his First Amendment Rights and engaging in protected activities, Plaintiff has suffered several retaliatory adverse employment. These adverse employment actions include, but are not limited to, receiving unwarranted disciplinary letters from co-principal Mildred Jones at P.S. 14, and his failure to be reinstated and/or promoted to Assistant Principal and/or Principal and/or to be accepted to the New York City Leadership Academy.

46. As a proximate result of Defendants' retaliatory actions against Plaintiff, Plaintiff has suffered and continues to suffer a loss of past and future income, monetary damages, humiliation, severe emotional distress, mental and physical anguish and suffering, physical consequences of the severe emotional distress, and damage to his professional reputation, in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
## AGE DISCRIMINATION AND/OR RETALIATION IN VIOLATION OF THE ADEA

47. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

48. By the acts and practices alleged above, Plaintiff was discriminated and/or retaliated against on the basis of his age in violation of the ADEA by including, but not

10

limited to, denial of admission to the New York City Leadership Academy and or lack of promotion and/or reinstatement to the title of Assistant Principal, since filing the SDHR discrimination charge, in addition to other forms of discrimination under the ADEA.

49. As a direct and proximate result of Defendants' aforementioned discriminatory conduct, Plaintiff suffered monetary damages, as well as humiliation, emotional distress, mental and physical anguish and suffering, and damage to his professional reputation, in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
### AGE DISCRIMINATION AND/OR RETALIATION IN VIOLATION OF NYSHRL, EXECUTIVE LAW § 296 ET SEQ.

50. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

51. By the acts and practices alleged above, Plaintiff was discriminated and/or retaliated against on the basis of his age in violation of the NYSHRL by including, but not limited to, denial of admission to the New York City Leadership Academy and or lack of reinstatement and/or promotion to the title of Assistant Principal, since filing the SDHR discrimination charge, in addition to other forms of discrimination under the NYSHRL.

52. As a direct and proximate result of Defendants' aforementioned discriminatory conduct, Plaintiff suffered monetary damages, as well as humiliation, emotional distress, mental and physical anguish and suffering, and damage to his professional reputation, in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
### AGE DISCRIMINATION AND/OR RETALIATION IN VIOLATION OF NYCHRL, N.Y.C. ADMIN. CODE § 8-101, ET SEQ.

53. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

54. By the acts and practices alleged above, Plaintiff was discriminated and/or retaliated against on the basis of his age in violation of the NYCHRL by including, but not limited to, denial of admission to the New York City Leadership Academy and or lack of reinstatement and/or promotion to the title of Assistant Principal, since filing the discrimination charge, in addition to other forms of discrimination under the NYCHRL.

55. As a direct and proximate result of Defendants' aforementioned discriminatory conduct, Plaintiff suffered monetary damages, as well as humiliation, emotional distress, mental and physical anguish and suffering, and damage to his professional reputation, in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
### DISABILITY DISCRIMINATION AND/OR RETALIATION IN VIOLATION OF THE ADA

56. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

57. By the acts and practices alleged above, Plaintiff was discriminated and/or retaliated against on the basis of his disability in violation of the ADA by including, but not limited to, denial of admission to the New York City Leadership Academy and or lack of promotion and/or reinstatement to the title of Assistant Principal, since filing the SDHR discrimination charge, in addition to other forms of discrimination under the ADA, 42 U.S.C. § 12111(2) and (5)(A).

58. As a direct and proximate result of Defendants' aforementioned discriminatory conduct, Plaintiff suffered monetary damages, as well as humiliation, emotional distress, mental and physical anguish and suffering, and damage to his professional reputation, in an amount to be determined at trial.

### SIXTH CLAIM FOR RELIEF
### DISCRIMINATION AND/OR RETALIATION ON THE BASIS OF DISABILITY IN VIOLATION OF
### NYSHRL, EXECUTIVE LAW § 296 ET SEQ.

59. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

60. By the acts and practices alleged above, Plaintiff was discriminated and/or retaliated against on the basis of his disability in violation of the New York State Human Rights Law by including, but not limited to, denial of admission to the New York City Leadership Academy and or lack of reinstatement and/or promotion to Assistant Principal, since filing the SDHR discrimination charge, in addition to other forms of discrimination under the NYSHRL.

61. As a direct and proximate result of Defendants' aforementioned discriminatory conduct, Plaintiff suffered monetary damages, as well as humiliation, emotional distress, mental and physical anguish and suffering, and damage to his professional reputation, in an amount to be determined at trial.

### SEVENTH CLAIM FOR RELIEF
### DISABILITY DISCRIMINATION AND/OR RETALIATION IN VIOLATION OF
### NYCHRL, N.Y.C. ADMIN. CODE § 8-101, ET SEQ.

62. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

63. By the acts and practices alleged above, Plaintiff was discriminated and/or retaliated against on the basis of his disability in violation of the New York City Human Rights Law by including, but not limited to, denial of admission to the New York City Leadership Academy and/or lack of reinstatement and/or promotion to the title Assistant Principal, since filing the discrimination charge with the SDHR, in addition to other forms of discrimination under the NYCHRL.

64. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer a loss of past and future income, monetary damages, humiliation, severe emotional distress, mental and physical anguish and suffering, physical consequences of the severe emotional distress, and damage to his professional reputation, at an amount to be determined at trial.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

## PRAYER/DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands judgment in its favor against Defendants as follows:

a) On Plaintiff's **First Claim for Relief—Retaliation for Exercising First Amendment Rights under 42 U.S.C. Section 1983**, damages in an amount to be determined at trial;

b) On Plaintiff's **Second Claim for Relief—Age Discrimination and/or Retaliation in Violation of the ADEA,** damages in an amount to be determined at trial.

c) On Plaintiff's **Third Claim for Relief—Age Discrimination and/or Retaliation in Violation of New York State Human Rights Law, Executive Law § 296** *et seq.*, damages in an amount to be determined at trial;

d) On Plaintiff's **Fourth Claim for Relief—Age Discrimination and/or Retaliation in Violation of New York City Human Rights Law**, damages in an amount to be determined at trial as well as punitive damages to the extent allowable by law;

e) On Plaintiff's **Fifth Claim for Relief—Disability Discrimination and/or Retaliation in Violation of the ADA,** damages in an amount to be determined at trial;

f) On Plaintiff's **Sixth Claim for Relief—Disability Discrimination and/o Retaliation in Violation of New York State Human Rights Law, NYS Executive Law § 296** *et seq.*, damages in an amount to be determined at trial as well as punitive damages to the extent allowable by law;

g) On Plaintiff's **Seventh Claim for Relief—Disability Discrimination and/or Retaliation in Violation of New York City Human Rights Law,** damages in an amount to be determined at trial as well as punitive damages to the extent allowable by law;

h) On all Claims for Relief:

    a. Judgment declaring that Defendants' acts violated Plaintiff's rights as secured by federal, state, and city law prohibiting discrimination and retaliation in employment;

    b. Enjoining Defendants from any further acts adversely affecting the terms and conditions of Plaintiff's employment including his compensation and privileges;

c. Compensatory damages to compensate Plaintiff for breach of contract, economic loss, damage to name, profession, career and reputation, pain and suffering, emotional distress and mental anguish, embarrassment, indignity, and dislocation, in an amount to be determined at trial;

d. Punitive damages against one or all of the Defendants;

e. Statutory attorneys' fees, interest, costs, and disbursements, and

f. For such other and further legal, equitable or other relief as the Court deems just and proper.

DATED: New York, New York
April 20, 2012

          GLASS KRAKOWER LLP
          100 Church Street, 8th Floor
          New York, NY 10007
          (212) 537-6859

By: _____
     Bryan Glass, Esq.

16

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Joseph Fierro
4009 Seagate Avenue, Apt. 2
Brooklyn, NY 11224

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2011-04426 | Holly M. Woodyard, Investigator | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Kevin J. Berry,
District Director

January 24, 2012
(Date Mailed)

Enclosures(s)

cc: NEW YORK CITY DEPARTMENT OF EDUCATION
Attn: Robin Singer, Associate Counsel
Office of Legal Services
52 Chambers Street, Room 314
New York, NY 10007